[No. 554.   Decided March 28, 1893.]

PETER PETERSON, *Appellant*, v. HARVEY S. SMITH, *Respondent*.

COUNTY ROADS — APPROPRIATION OF LAND FOR — DAMAGES — CONSTITUTIONAL LAW.

Under art. 1, §16 of the constitution, private lands cannot be appropriated by a county for road purposes, unless the amount of damages are ascertained in court, in a proceeding instituted for that purpose; and so much of the act of March 7, 1890, relating to county roads, as conflicts therewith is unconstitutional.

*Appeal from Superior Court, Skagit County.*

*Moore & Turner (James A. Haight* and *C. H. Ayer,* of counsel), for appellant.

*George A. Joiner,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This case involves the regularity of the proceedings of the county commissioners in changing a county road under the provisions of chap. 19, Laws 1890, and also involves the constitutionality of said act, or a part thereof. The question for our consideration is, is the power to condemn land, conferred by said law above cited, consistent with the provisions of the state constitution? Sec. 16, art. 1 of the constitution provides in positive terms that "no private property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law." The constitution also provides that, whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public. Under the constitutional guaranty, the owner of the land appropriated in this case by the county could not be compelled to present a claim for damages. He can remain quiet and be assured that before his property is condemned the county must ascertain his damage, and either pay it to him or pay it into court for his benefit; and the amount of his damages must be ascertained in a court, in a proceeding instituted for that purpose, and in which the defendant can appear and make his showing, if he so desire. There

is, in our judgment, no authority under the constitution for submitting the question of damages to the road viewers, to be arbitrarily passed upon by them.   This question has been passed upon by the supreme court of California, in *Weber v. Board*, 59 Cal. 265, under substantially the same statutes and the same constitutional provisions, and it was there held that the constitutional provision was in conflict with the statutory provision, and therefore abrogated it; the constitutional provision having been adopted after the enactment of the statute.   We think that decision was right, and therefore follow it.

As this view of the constitutional question involved will result in the final determination of the case, it is not necessary to pass upon the alleged informalities of the proceedings.

The judgment of the lower court will be reversed, and the case remanded, with instructions to dismiss the action, with costs to appellant.

HOYT, SCOTT, STILES, and ANDERS, JJ., concur.