OF THE

STATE OF WASHINGTON,

AT THE

MAY SESSION, 1894.

[No. 1335. Decided May 21, 1894.]

O. P. ASKAM, *Respondent*, v. KING COUNTY, STATE OF WASHINGTON, AND J. H. WHITE, *Appellants*.

EMINENT DOMAIN — APPROPRIATION OF LAND FOR DITCHES WITHOUT COMPENSATION — CONSTITUTIONAL LAW — POLICE POWER OF STATE.

The drainage law of this state (Gen. Stat., tit. 21, ch. 1) is unconstitutional, as it provides for the taking of private property without there having been an assessment of damages or the payment of compensation therefor.

A law providing for the taking of private property without compensation, for the purpose of constructing ditches to drain swamps, cannot be upheld as being an exercise of the police power of the state for the abatement of a nuisance, when the act does not declare the nuisance to be of such imminent danger to the public welfare as to require the private property of others than those maintaining the nuisance to be taken without compensation.

*Appeal from Superior Court, King County.*

*John F. Miller*, and *A. G. McBride*, for appellants:

Many of the courts have held that, in taking land for drainage purposes, where, as in this case, the health of the people is involved, such taking is under and by virtue of

the police power of the state. *Donnelly v. Decker*, 17 N. W. 389; Tiedman, Police Power, § 124; Cooley, Const. Lim. (6th ed.), 627; Cooley, Taxation (2d ed.), 616; *Hager v. Yolo Co.*, 47 Cal. 233.

*Ronald & Piles*, for respondent.

The opinion of the court was delivered by

HOYT, J.—The constitutionality of the law known as the "drainage law" (ch. 1, tit. 21, Gen. Stat.) is the sole question presented upon this appeal. The lower court held that the law was unconstitutional, and dismissed the proceedings instituted thereunder. The appellant here seeks to sustain the constitutionality of the law on two grounds — one, that it properly provides for the acquisition of property by the exercise of the right of eminent domain; and the other, that it is an exercise of the police power of the state.

As to the first proposition, it is only necessary to say that the decision of this court in the case of *Peterson v. Smith*, 6 Wash. 163 (32 Pac. 1050), applies with full force to this law, and the rule there announced compels us to hold that the law cannot be sustained upon any rule relating to the acquisition of property by the exercise of the right of eminent domain. Under the provisions of such law there is no pretense of an attempt to have the damages incident to the taking of private property assessed and compensated for in the first instance, and, if the property owner does not appear and himself take the initiative, the law provides that his property may be taken without there having been an assessment of damages or the payment of any compensation whatever.

To give effect to a law of this kind would be to substantially overthrow the provision of our constitution which provides, in § 16 of art. 1, that no private property shall be taken or damaged without just compensation having

been first made or paid into court for the owner.   It is true that, if the owner comes into court and files his claim for damages, the law provides machinery for having it ascertained and paid, but, if for any reason he does not so appear and file his claim, the property is to be taken without this provision of the constitution having been in any manner complied with.   If the law had provided for even an *ex parte* assessment of damages, and that such assessment should be filed and, unless objected to, confirmed, it might be possible to sustain it on the ground that such assessment of damages and its filing in a proceeding to which the property owner had been made a party by proper notice was in the nature of a proffer to him of just compensation, and if he did not appear and object thereto such failure on his part might be taken to be a waiver of the right to have his damages assessed by a jury.   Courts are always reluctant to declare an act of the legislature invalid for any reason, but their duty is clear, when there is an irreconcilable conflict between an act of the legislature and the constitution, to see that the provisions of the constitution and not those of the act are given force.

The act in question cannot be sustained on this ground. Can it be as an exercise of the police power of the state? We think not; for while it is undoubtedly true that in extreme emergencies the rights of private parties as to property must yield to the requirements of the public, yet to authorize such interference the emergency must be such as to make the action necessary.

The law under consideration was not, in our opinion, enacted for the purpose of authorizing private rights to be interfered with without compensation, because necessary for the protection of the public.   It is true that there are some things in the act which indicate that the interests of the public were to be considered in the determination of the question as to whether or not the improvement was

necessary, but there nowhere appears any intention to declare that the public interests are such that it is necessary that private rights should be set aside in order that they may be protected.   Even if we concede that the requirements of the law are such that the board of county commissioners must decide that the swamps to be drained are a nuisance, before they will proceed in the matter, yet the intention does not appear in the act to declare the nuisance to be of such imminent danger to the public welfare as to require private property of others than those maintaining the nuisance to be taken without compensation.   Under the provisions of the act, the land of private parties situated at some distance from the swamps and low lands to be drained may be taken, and to sustain such taking under the police power of the state would require such a clear declaration on the part of the legislature of its intent to take such property for that purpose without compensation as to make such intention certain.   The act in question does not make this intention so apparent, if apparent at all.

The judgment of the superior court must be affirmed.

ANDERS and SCOTT, JJ., concur.

DUNBAR, C. J., concurs in the result.

STILES, J. (*concurring*).— In this case there is a stipulation on file which shows that all of the statutory steps leading up to the acquisition of a right-of-way for the ditch have been regularly taken.   The appellant shows that it is proposed to have the ditch run across a portion of his land. The sole question for decision, therefore, is whether or not the right-of-way could be acquired across his land in the manner provided for by the statute without affirmative condemnation proceedings.   I hold the negative, and therefore concur in the judgment of the court.   As to whether the act is valid in other respects or not, I do not pretend to decide.