[No. 1575. Decided December 26, 1894.]

SKAGIT COUNTY, *Respondent*, v. FLETCHER STILES, *Appellant.*

CONSTITUTIONAL LAW—INVALIDITY OF STATUTE—DRAINAGE ACT.

That portion of the act of March 19, 1890 (Laws of 1889-90, p. 652), providing for the taking of lands for right of way for the construction of ditches being unconstitutional, the whole of the act must fall with it, as the remaining provisions are so closely connected

therewith that full effect cannot be given them independent of that which is unconstitutional. (STILES, J., dissents).

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, for appellant.

*George A. Joiner*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an application in the court below on the part of Skagit County, by its county treasurer, for a judgment against the defendant for a delinquent ditch assessment of the year 1891, together with the penalty, interest and costs, and for an order of sale thereon. The assessment was sustained and judgment rendered as prayed for, and the defendant appeals.

One of the questions raised is as to the constitutionality of the law under which the proceedings were had. This law was before this court for consideration in *Askam v. King County*, 9 Wash. 1 (36 Pac. 1097), which case involved the right of the county to condemn lands for a right of way for a ditch ; and it was held that the provisions of the act in that respect were unconstitutional, and that no such power was conferred.

It is contended by respondent, however, that the remaining portions of the act are not affected by that decision ; that the act has three distinct features : first, the securing of the right of way, which the decision aforesaid held void ; second, the construction of the improvement ; and, third, the apportionment of benefits and assessment of the cost of construction, which were not involved in the case aforesaid, and which, it is contended, should stand independent of the first proposition, as that only affected the securing of the right of way under the power of eminent domain ; and that the right of way may still be obtained by purchase, in which case the provisions of the act are sufficient for the enforcement of such undertakings.

In determining whether a part of an act can stand where

another part has been held unconstitutional, a different rule as to presumptions is recognized from that which obtains where the whole act is being considered. The general rule that legislative acts are primarily presumed to be constitutional, and that all intendments are to be made in favor of the act to give it effect according to the intent of the law-making power does not apply in such cases, as the upholding of a part of an act is not favored, and where a part has been held unconstitutional, and the remaining portion comes up for consideration as to whether it can stand as an independent proposition, the presumptions are generally against it, and it will not be sustained unless " that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent wholly independent of that which was rejected." Cooley, Const. Lim. (5th ed.), p. 212.

When so construed, can the remaining portions of this act stand? It is plain from a reading of the act (Laws 1889–90, p. 652), that the only way provided for obtaining a right of way thereunder was by condemnation proceedings. Undoubtedly, however, a person could donate a right of way for such a ditch; but it is an entirely different question whether the commissioners have authority to acquire a right of way by negotiating a purchase. Under the provisions of this act, a petition must be presented, asking for the improvement and giving a general description of the proposed route. A bond conditioned for the payment of all costs if the prayer of the petition is not granted, or in case it is dismissed for any cause, must be filed therewith; whereupon there must be a view of the line of the proposed ditch and a report thereon, and if a finding is made in favor of the improvement there must be a survey and definite location of the route, etc., and notice given, whereupon claims for damages may be made, and various objections raised. Sec. 17 (Laws 1889–90, p. 656) authorizes an appeal from allowances made by the commissioners as compensation for lands taken for the right of way, etc., by any person aggrieved, and although subsequent sections seem to

indicate that the right of appeal in such cases is limited to the owner of the land taken, we do not think such is the intent of the act.   If the landowner has a right to appeal from an allowance which he considers too small, other persons to be assessed for the cost of the improvement should have the right to appeal from an excessive one, as they are certainly aggrieved thereby, and consequently come within the provisions of § 17.   Now, aside from the fact that the act nowhere gives the county the right to purchase a right of way for such an improvement, it is apparent that if the commissioners have such power independent of the act there could be no appeal from the amount which they should agree to pay a particular land owner for a right of way.   The legislature might have been willing to subject the petitioners for such improvements to the burden of paying the cost of the right of way where the same is obtained under the power of eminent domain, and the compensation adjudged by the commissioners, with the right of an appeal therefrom to the courts, but might have been unwilling to do so if such compensation was to be determined and allowed according to the arbitrary judgment of the commissioners.

Furthermore, it is apparent, under the provisions of this act, that some expenses must be incurred in definitely locating the route before the commissioners could well proceed to obtain a right of way by purchase.   While the petitioners must give a general description of the route over which the proposed improvement is desired to be constructed, it is not intended that it should be an exact one primarily, and the route only becomes definitely and conclusively established by the final survey, after it is determined to construct the improvement.   Having gone thus far, and incurred the necessary costs for viewing the proposed improvement in order to pass upon its desirability, and having incurred the necessary expenses for definitely locating the line and making the plat, etc., if without the power of condemning a right of way, the commissioners might be utterly unable to carry out the proposed undertaking, for the persons over whose lands the ditch was to be constructed might refuse to sell or to give the

necessary right of way. Now, evidently, the legislature intended in enacting this law that the county commissioners should have the power to enforce the construction of the ditch, when its desirability had been determined upon in the primary proceedings, and it was not intended that the petitioners for such an improvement should take the risk of having to pay the costs of the original proceedings in consequence of an inability to secure the right of way when the commissioners granted the petition. And yet they might have to do this if the commissioners had no power to acquire a right of way under the right of eminent domain.

These provisions of the act would negative the idea that it was intended to allow the commissioners to procure the right of way by negotiating a purchase, even if they could do so independent of an express authorization, and we are of the opinion that they could not. Consequently there is no more than a bare possibility that the remaining portions of the act can be operative under any circumstances. The undertaking could only be carried out in case a right of way was donated, and in order to obviate the objection of possibly subjecting the petitioners to the costs of the primary proceedings in consequence of an inability to secure the right of way where the finding is in favor of constructing the improvement, such donation must be made in advance of the preliminary view of the proposed line, and there might be some difficulty in this, as a slight change of location thereafter, when it should be definitely determined, might transfer the line from the lands of one owner to those of a different owner, and to avoid contingencies of this kind it would be necessary to obtain gifts of the right of way from all land owners in the immediate vicinity of the line of the improvement as contemplated. This might possibly be done, but the fact that there is a possibility of constructing a ditch under the remaining portions of this act is not sufficient to except it from the presumption that the legislature would not have passed the parts of the act in question as independent propositions, or without conferring upon the county the right to condemn lands for a right of way, and

that part having been held unconstitutional, the whole act must fall with it.

Reversed.

DUNBAR, C. J., and HOYT, J., concur.

STILES, J. (*dissenting*).—I hold that the fact that the appellant petitioned for the construction of this ditch, and that it has been constructed in accordance with his own request, ought to estop him from raising the constitutional question discussed above. The ditch is there and he is getting the benefit of it, and the people who did the work, and who would have a lien upon his land for the value of their labor thereon, had his request been to them directly, have not been paid, and will not be, for the county is in no wise liable.