[No. 1586.  Decided March 18, 1895.]

SNOHOMISH COUNTY, *Respondent*, v. ANTHONY J. HAY-
WARD, *Appellant.*

CONSTITUTIONAL LAW — CONSTRUCTION OF PUBLIC DIKES AND DAMS —
VALIDITY OF ACT.

Chapter 2, title 21, of the General Statutes, relating to public dikes
and dams is unconstitutional, for the reason that it is in violation of
art. 1, § 16, of the constitution, which provides that no private prop-
erty shall be taken or damaged for public or private use without just
compensation having been first made, or paid into court for the
owner.    ⟩

*Appeal from Superior Court, Snohomish County.*

*Crowley, Sullivan & Grosscup,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment of
the superior court of Snohomish county rendered in an
action brought for the collection of taxes under the
revenue law of 1893, and involves the constitutionality
of ch. 2, title 21, of the General Statutes, which is a
chapter in relation to public dikes and dams.   Section
1929 provides that when five or more owners of lands
adjoining and contiguous, subject to overflow from tide
water or river freshet, shall petition the board of county
commissioners of the county in which such lands are
situate, setting up certain facts; that if the county
commissioners find, among other things, that such pro-
posed improvement shall be for the public good or
benefit, they shall so declare on the record of their pro-
ceedings, and appoint three viewers to view out and
locate the proposed dikes and dams, etc.   Section 1930
provides that the routine of procedure under this chap-
ter shall be, as far as practicable, the same as prescribed

by the road law for the location and establishment of county roads. Also providing that the dikes and dams established under this act shall be to all intents and purposes public highways. Section 1931 prescribes the duties of the viewers; among other things, that they estimate the cost of the proposed dikes and dams, and such costs, when approved by the board, shall be apportioned and added to the regular taxes of the land owners of such district on the assessment roll for the current year, and collected as other taxes. Section 1932 provides for the supervisors of dikes and dams for the district, and § 1933 provides that, in locating and establishing the dikes and dams, if the owner or owners of the lands through which they pass shall feel aggrieved on the score of right of way or other cause, he shall have proper cause for damages, and that in such cases claims for damages shall be filed and the amount thereof determined in accordance with the provisions of the general road law; and the amount thereof so determined and allowed by the board of county commissioners shall be taxed against the lands of said district in due proportion as the tax for construction, and when collected shall be reserved and paid under the direction of the board to the claimant or claimants.

In *Askam v. King County*, 9 Wash. 1 (36 Pac. 1097), it was decided by this court that the drainage law of this state (Gen. Stat., title 21, ch. 1), is unconstitutional, as it provides for the taking of private property without there having been an assessment of damages or the payment of compensation therefor. This case followed the case of *Peterson v. Smith*, 6 Wash. 163 (32 Pac. 1050), where the question of the power to condemn land under the provisions of ch. 19, Laws 1890, was in question; and we there held that the procedure provided for in that act was in violation of § 16, art. 1 of the constitu-

tion, which provides that no private property shall be taken or damaged for public or private use without just compensation having been first made and paid into court for the owner.    It was also noticed in that case that the constitution provides that whenever an attempt is made to take property for use alleged to be public (an allegation which appears in the dike law in question), the question whether the contemplated use be really public shall be a judicial one and determined as such without regard to any legislative assertion that the use is public.    We there held that under this constitutional guaranty the owner of the land could not be compelled to present the claim for damages, but that he could remain quiet and be assured of his constitutional right to receive his damages before his property was appropriated; that before it was condemned the county must ascertain his damages, and either pay it to him or pay it into court for his benefit, and that the amount of his damages must be ascertained in court in a proceeding instituted for that purpose, and in which the defendant could appear and make his showing, if he so desire; that there was no authority under the constitution for submitting the question of damages to the road viewers to be arbitrarily passed upon by them; following the doctrine laid down by the supreme court of California in *Weber v. Board of Supervisors*, 59 Cal. 265, under substantially the same statutes and same constitutional provisions.

The law in question here is subject to the same objections that were discussed in the case above mentioned.    There is no brief filed by respondent in this case, but it is alleged in the brief of the appellant that it was conceded in the court below that § 1933 was unconstitutional; but that the court did not consider that section a material part of the chapter.    It seems to us

that if § 1933 were eliminated from the chapter there would be no provision left whatever for the compensation of the land owner, and no power to confer benefits on the property taxed.

The case of *Skagit County v. Stiles*, 10 Wash. 388 (39 Pac. 116), goes at length into a discussion of the proposition raised here as to the constitutionality of the portion of the act claimed to be valid, and the conclusion reached by the court in that case sustains the contention of appellant that the act in question is unconstitutional and void. That being true, a discussion of the other points raised would be unavailing.

The judgment will, therefore, be reversed and the cause remanded, with instructions to proceed in accordance with this opinion.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.