[No. 2515. Decided April 6, 1898.]

## FRANKLIN SAVINGS BANK, *Appellant*, v. THOMAS MORAN et al., *Respondents*.

DIKES — REASSESSMENT FOR COST OF CONSTRUCTION — LEGISLATIVE POWER — PLEADING — DEMURRER.

The legislature has power to provide for a re-assessment of property for local improvements in cases where the original assessment was void because of lack of legislation authorizing it, but a re-assessment made without legislative sanction is utterly ineffectual and void.

The act of Mach 19, 1895 (Laws 1895, p. 142, Bal. Code, §§ 3755-3762), entitled, "an act providing for the payment of expenses incurred in compliance with an act entitled 'an act to provide for the construction, repairing and protection of drains and ditches for agricultural, sanitary and domestic purposes and to provide for the organization of drainage districts and declaring an emergency,' approved March 19, 1890," while authorizing re-assessments to pay for constructon of drains and ditches, makes no provision in regard to dikes and cannot be held as authorizing a re-assessment to cover the expense of dikes and dams constructed under a void statute.

The fact that a demurrer admitted the averment that a dike had been constructed under the provisions of the invalid drainage law of 1890, instead of the invalid law of 1888, would not make the curative act in relation to void drainage proceedings applicable to the case at bar, since courts are powerless to grant relief which is not warranted by the statute invoked by the pleader.

Appeal from Superior Court, Snohomish County.—Hon. JOHN C. DENNEY, Judge. Affirmed.

*Kerr & McCord*, for appellant.

*J. H. Naylor*, Prosecuting Attorney, for respondents.

The opinion of the court was delivered by

ANDERS, J.—This was an application by the appellant to the superior court of Snohomish county for a writ of mandate commanding the county commissioners, auditor and treasurer of Snohomish county to proceed with the re-assessment of certain lands in the Eby Island Diking District, under the re-assessment act of March 19, 1895 (Laws 1895, p. 142, Bal. Code, §§ 3755-3762). The affidavit upon which the application for the writ was based shows substantially that, in pursuance of a petition filed by certain persons, a diking district was established by the county commissioners of Snohomish county, under the provisions of the act of the legislature entitled "An act to provide for the construction, repairing and protection of drains and ditches for agricultural, sanitary and domestic purposes, and to provide for the organization of drainage districts, and declaring an emergency," approved March 19, 1890 (Session Laws 1890, p. 652; 1 Hill's Code, title 21, ch. 1); that the route of a dike known as Eby Island Dike was located by the proper officials; that the cost of constructing said dike was duly ascertained and assessed and levied upon certain lands in the district; that a contract was awarded for the work to the lowest bidder therefor; that the dike was constructed in accordance with the contract; that warrants were drawn on the Eby Island dike fund in favor of the contractor in payment for said improvement by the county auditor, under the directions of the county commissioners, and duly approved by the diking master; that the appellant is the owner and holder of eight such warrants of the aggre-

gate value of $8,035.98, exclusive of interest; that the respective owners of the lands benefited by the construction of said dike refused to pay the assessment against their lands for said improvement, although the same is just and equitable, and notwithstanding the fact that they petitioned the county commissioners to organize the district and to proceed with the improvement; that the county treasurer has refused and still refuses to pay said warrants, or any part thereof, although often requested so to do; that the original assessment was rendered invalid by the decision of the supreme court in holding the said act of March 19, 1890, unconstitutional in that it provided no method of acquiring the right of way, but did, in effect, provide for taking private property without compensation being first made, or ascertained and deposited in court for the owner, as provided by § 16 of article 1 of the state constitution; that no provision has been made by the county commissioners for the payment of said warrants, and that they have failed and refused to procure the right of way for said dike by condemnation, gift or purchase, and refused to make any new assessment for the payment of said indebtedness, or any part thereof, although fully authorized and empowered to procure said right of way and to make said re-assessment by said act of March 19, 1895. It appears from this affidavit that the proceedings of the county officials leading up to the construction of the improvement in question were in strict accordance with the provisions of said act of 1890, although we have only stated such facts as we deem material to a correct understanding of the case. Due notice of the application for the writ was served upon the respondents, and at the time fixed for its presentation to the court the county attorney of Snohomish county appeared and interposed a demurrer to the affidavit on the ground that it did not state facts sufficient to constitute a cause of action or to enti-

tle plaintiff to the writ of mandate. The court sustained the demurrer for the reason, as stated, that the law under which plaintiff was attempting to proceed is contrary to, and in violation of, the constitution of the state of Washington, and thereupon dismissed the action, at the cost of the plaintiff, and the latter appealed. Many authorities are cited by the appellant sustaining the proposition that the legislature has power to provide for a re-assessment of property for ordinary taxation, or for local improvements, in cases where the original assessment was void because of lack of legislation authorizing it, or by reason of a failure to comply with existing statutes. That this principle is firmly established as the law of this state is shown by repeated decisons of this court. See *Frederick v. Seattle,* 13 Wash. 428 (43 Pac. 364); *Cline v. Seattle,* 13 Wash. 444 (43 Pac. 367); *New Whatcom v. Bellingham Bay Improvement Company,* 16 Wash. 131 (47 Pac. 236). But we are aware of no case holding that a re-assessment may be made for any purpose without legislative authority, and we do not think that any such case can be found. In our opinion a re-assessment without such authority would be utterly ineffectual and void. It follows, therefore, that if the re-assessment sought by appellant is not specifically authorized by some valid law, the judgment of the court below should not be disturbed. Although the respondents do not seem expressly to concede the constitutionality of this act of March 19, 1895, they do not attempt to show wherein it is unconstitutional, but rely mainly, if not wholly, for an affirmance of the judgment upon the proposition that the law of 1895 has no reference to, and hence is no authority for, a re-assessment for dikes and dams. As already intimated, the affidavit for the writ of mandate in this case states facts showing that the county commissioners, in organizing the Eby Island Diking District, and in authorizing

the construction of the dike, followed the procedure prescribed by the act of March 19, 1890, relating to ditches and drains; and these facts must be deemed admitted by the demurrer. Why the parties interested did not proceed under the act of February 2, 1888 (Laws 1888, p. 90; 1 Hill's Code, title 21, ch. 2) relative to dikes and dams is not stated. The act of March 19, 1890, and that of February 2, 1888, as amended in 1890, have both been declared unconstitutional by this court for the reasons above indicated, the former in *Askam v. King County*, 9 Wash. 1 (36 Pac. 1097), and *Skagit County v. Stiles*, 10 Wash. 388 (39 Pac. 116), and the latter in *Snohomish County v. Hayward*, 11 Wash. 429 (39 Pac. 652). The act of 1895, which the appellant contends confers upon the respondents authority to procure the right of way for the Eby Island Dike and to re-assess the lands in the district for the expenses incurred in making the improvement, is entitled "An act providing for the payment of expenses incurred in compliance with an act entitled 'An act to provide for the construction, repairing and protection of drains and ditches for agricultural, sanitary and domestic purposes, and to provide for the organization of drainage districts, and declaring an emergency,' approved March 19, 1890, and declaring an emergency." Session Laws 1895, p. 142. It is provided in the first section of this act (Bal. Code, § 3755) that where any ditch or drain, or any portion thereof, has been constructed in compliance with the provisions of the act of March 19, 1890, aforesaid, it shall be the duty of the board of county commissioners of any county in which the same is located to purchase the lands occupied by, or necessary to, said drain or ditch or any culverts, bridges or approaches thereto, or appurtenances to said drain or ditch, or acquire the same by condemnation proceedings wherever title to such land has not already been obtained, and to that end

are authorized to institute and maintain, in the name of the
county, the proceedings provided in ch. 6 of title 9 of the
Code of Procedure as arranged and annotated by William
Lair Hill (Bal. Code, title 31, ch. 5, art. 3). An inspection
will disclose that nothing whatever is said in this act in re-
lation to dikes, and, assuming that it is constitutional and
valid, the question arises, can it be so construed as to ap-
ply to cases like the one at bar? We think this question
must be answered in the negative. That the legislature did
not intend by this act to provide for the payment of ex-
penses incurred in constructing dikes, is manifest from the
language employed therein, from the title of the act, and
from contemporaneous legislation. The same legislature
that passed this remedial, or curative, statute in relation to
drains and ditches enacted an elaborate law relative to dikes
and dams in which they seem to have failed, probably
through inadvertence, to provide for the payment of ex-
penses incurred under the dike law of February 2, 1888,
and the subsequent amendment thereto. Laws 1895, p.
304 (Bal. Code, §§ 3673-3715). It is earnestly insisted,
however, by the learned counsel for the appellant that, in-
asmuch as the demurrer to the affidavit admits that the im-
provement was made under the ditch and drainage law of
1890, it necessarily follows that the curative statute of
March 19, 1895, is applicable to the facts of this case. But
we are unable to perceive how this law, which is relied on
as authority for the enforcement of an alleged right, can
be given a meaning contrary to the intention of the legisla-
ture, as clearly expressed therein, by the mere averments
of the pleader. Conclusions of law are not necessarily ad-
mitted by a general demurrer, and the scope and effect of a
statute must be determined by a consideration of the stat-
ute itself. And, if the relief demanded is not warranted
by the statute, the court is powerless to grant it. The law

invoked by the appellant no more authorizes the respondents to order a re-assessment and levy for the payment of expenses incurred in constructing a dike than it would authorize them to do the same thing for the payment of the cost of building a railroad. It was enacted for a specific purpose, clearly expressed both in the title and in the body of the act, and no construction can make it apply to a different purpose or subject. We fully realize the justness of appellant's claim for relief. The owners of the land in the diking district have long enjoyed the benefit of this improvement and ought, by some means, to be compelled to pay for it. But neither the respondents nor this court can coerce them to discharge a moral obligation, however apparent it may be, without the authority of the law-making body. Judging by past legislation, we can scarcely doubt that the legislature, if appealed to, would pass an act granting relief to those who have honest claims for labor performed in the construction of dikes and dams, similar to this act of March 19, 1895. Conceding, as we are at present advised, that the act of March 19, 1895, is constitutional, it follows that the learned trial court gave a wrong reason for its decision, but we nevertheless think the decision was right, and the judgment is therefore affirmed.

SCOTT, C. J., and DUNBAR, GORDON and REAVIS, J., concur.