[No. 4190.    Decided January 7, 1903.]

THE STATE OF WASHINGTON *on the Relation of T. C. Rush, Appellant,* v. A. C. ST. JOHN, *as Treasurer of Lewis County, et al., Respondents.*

WARRANTS ON DITCH FUND — PAYMENT IN ORDER OF ISSUANCE — INTEREST.

Under Laws 1895, p. 144, § 7, which provides that warrants drawn on a ditch fund created by assessment for the payment of cost of construction of a ditch should be paid "in the order of their issue," and under Laws 1893, p. 76, which provides that all warrants shall draw interest from date of presentation and nonpayment thereof, the holder of warrants against a ditch fund is entitled to their payment, with accrued interest, in the order of issuance, even if the payment of interest on such warrants prevents payment of subsequent warrants in the hands of other holders.

Appeal from Superior Court, Lewis County.—Hon. ALONZO E. RICE, Judge.    Modified.

*Forney & Ponder,* for appellant.

*David Stewart* and *W. W. Langhorne,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Relator seeks by mandamus to compel payment of certain warrants held by him and drawn upon

the Scheuber ditch fund of Lewis county. Intervenor Rice, who also holds warrants issued subsequently to those held by relator, appears and demands that all the warrants issued upon said ditch fund be paid *pro rata* and without interest thereon until said fund is exhausted. An agreed statement of facts is certified in the record. It appears that the Scheuber ditch was constructed in substantial compliance with the act of March 19, 1890 (Laws 1889-90, p. 652), and under the authority of such law the warrants in controversy were issued by the county commissioners, and were thereafter presented by the holders thereof to the county treasurer, and "not paid for want of funds" indorsed thereon. Warrants in the sum of $7,009.57 were issued for the construction of such ditch, and are all unpaid. The law of 1890 was declared void in *Askam v. King County*, 9 Wash. 1 (36 Pac. 1097), and in *Skagit County v. Stiles*, 10 Wash. 388 (39 Pac. 116); but by the remedial act of March 19, 1895 (Laws 1895, p. 142), the defects of the former law were cured, and the latter act is valid. *Lewis County v. Gordon*, 20 Wash. 80 (54 Pac. 779). Under the act of 1895 the commissioners levied an assessment on the property benefited by the construction of the ditch, and certified the assesssment roll on the 29th of November, 1899. There has been collected more than enough money to pay relator's warrants. Section 7 of this law (Laws 1895, p. 144), provides as follows:

"All moneys in said ditch fund shall be applied to the payment of any bonds issued by the county commissioners on the faith of said ditch fund, and to the payment of warrants issued for the construction of said ditch or drain and appurtenances and right of way in the order of their issue."

Under the act of March 7, 1893 (Laws 1893, p. 76), all warrants draw interest from date of presentation and nonpayment thereof. The remedial act of 1895 plainly pro-

vides for the payment of the warrants theretofore issued in the order of their issuance, and for the amount due thereon, which includes the legal interest accrued from the date of presentation and non-payment. The warrants are payable out of any sum accumulated in the ditch fund. The fact that the ditch fund would be exhausted before all intervenor's warrants are paid does not affect the prior right of relator under the plain provisions of the statute. These considerations determine the controversy.

The judgment is modified, so that relator will receive payment of his warrants, including the interest thereon, and intervenor's warrants must be paid in the order of their issuance, in the same manner, so long as moneys are in the ditch fund. The cause is remanded for judgment in accordance herewith.

DUNBAR, FULLERTON and MOUNT, JJ., concur.