[No. 7253. Decided March 3, 1909.]

KITSAP COUNTY, *Respondent*, v. MARINUS MELKER *et al.*, *Appellants.*[1]

EMINENT DOMAIN — PROCEEDINGS — COSTS — IMMUNITY OF LAND-OWNER—COSTS ON APPEAL. Const. art. 1, § 16, providing that private property shall not be taken or damaged without just compensation having been first made or paid into court, prevents the taxation of costs in condemnation proceedings against the landowner only in the lower court, and does not exempt him from the costs of his appeal to the supreme court, when, under Bal. Code, § 5643, he fails to recover a greater amount of damages on the appeal.

Motion to recall the remittitur and retax costs on appeal. Denied.

*James W. Bryan*, for appellants.

*C. D. Sutton*, for respondent.

FULLERTON, J.—The county of Kitsap brought proceedings under the statutes of eminent domain against the appellants to condemn a right of way for a county road across their land. The proceedings were prosecuted to trial and judgment, in which an award was made to the appellants for the land taken and damaged by the establishment of the road. The appellants, not being satisfied with the award as made, appealed to this court, whereupon the judgment was affirmed and

[1]Reported in 100. Pac. 150.

the cause remanded. *Kitsap County v. Melker,* 50 Wash. 29, 96 Pac. 695. The costs of the appeal were taxed in this court against the appellants, and they now move that the remittitur be recalled and the costs taxed against the county. The motion is based on § 16 of art. 1 of the state constitution, which reads as follows:

"Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes. No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law. Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public."

The contention is that this section not only guarantees to the landowner, whenever his land or any part of it is sought to be taken for a public use, the right to have his damages ascertained in a judicial proceeding and paid into court for him without costs on his part, but that this right to freedom from costs extends to the appellate court, should the landowner take the question to that court, no matter whether or not he receives a more favorable judgment in that court than he was awarded in the court below.

In *Peterson v. Smith,* 6 Wash. 163, 43 Pac. 1050, we held that, under the constitutional provision above cited, a landowner whose land was sought to be appropriated for a county road could remain silent and be assured that before his property is condemned the county would ascertain his damage and

either pay it to him or into court for his benefit, and that the amount of his damage must be ascertained in a court in a proceeding instituted for that purpose in which he could appear and make his showing of damages if he so desired; holding, further, that a law which required the landowner to present a claim for his damages to road viewers and submit to an ascertainment by them of the amount thereof, or else take the case into the courts himself, was unconstitutional. To the same effect is *Askam v. King County*, 9 Wash. 1, 36 Pac. 1097, which held a drainage law unconstitutional because it did not provide for the ascertainment of the amount to be paid for the property taken and damaged by a proceeding in court except on the initiative of the property owner. In *Snohomish County v. Hayward*, 11 Wash. 429, 39 Pac. 652, a law relating to the construction of public dikes and drains was held unconstitutional for the same reason. So, also, for the same reason, that part of the road law of 1893 (Laws 1893, p. 301), relating to the establishment of county roads was held unconstitutional, in *Seanor v. Board of County Com'rs.*, 13 Wash. 48, 42 Pac. 552.

In 1895 (Laws 1895, p. 82) the legislature, in an act relating to the establishment of county roads, provided that damages to the property taken should be first ascertained by viewers and tendered to the owners; when, if the tender should not be accepted, a proceeding in condemnation should be instituted by the county in the superior court, and if the landowner should fail in such proceeding to recover a judgment for a greater sum than the amount so tendered him, all costs of the condemnation proceedings should be taxed against him. In *Adams County v. Dobschlag*, 19 Wash. 356, 53 Pac. 339, this latter clause was held void, the court saying:

"It was held by this court in *Peterson v. Smith*, 6 Wash. 164, 32 Pac. 1050, that under the constitutional guaranty the owner of the land could not be compelled to present a claim for damages; that he could remain quiet, and be assured that, before his property was condemned, the county must ascertain his damage, and either pay it to him, or pay it into court

for his benefit; and the amount of his damages must be ascertained in a court, in a proceeding instituted for that purpose, and in which the defendant could appear and make his showing, if he so desired.  In this case the finding of the commissioners that the damages to the appellants were a certain sum does not meet the requirements of the constitution, as construed in the case above cited.  The proceeding instituted for the purpose of determining this damage was the proceeding in the superior court, and not the proceeding before the county commissioners, and the landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party."

See, also, *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385.

It is manifest, from this long line of cases, that any form of procedure which taxes the costs of condemnation proceedings in the superior courts to the landowner is in violation of the section of the constitution above quoted.  But  does this right of immunity from costs extend to appeals to the supreme court?  We think it does not. We think the condemning party has done its full duty towards the landowner in this respect when it bears the costs of the proceeding in the trial court. To hold otherwise would be to hold that an appeal is a necessity in all condemnation cases, and that any law providing a procedure which does not direct an appeal at the expense of the condemning party would be invalid; for if the costs on an appeal brought by the landowner must be borne by such party, it is because an appeal is a necessary part of the condemnation proceedings; and a law which leaves an appeal optional would be as much in violation of the constitutional provision as is a law which leaves the ascertainment of the damages by a proceeding in the superior court optional.  But it is not the intention of the constitution to make an appeal compulsory. It is a right to be exercised by either party at their pleasure, and being so it follows that the costs of the appeal must be borne by that party who is unsuccessful in the appellate court. This, also, is the requirement of the statute. Section 5643 of

Bal. Code (P. C. § 5108), provides that the payment into court of the damages assessed and allowed, and of the costs, shall relieve the party condemning from all and any further liability for the property taken, unless upon appeal the owner shall recover a greater amount of damages, "and in that case only for the amount in excess of the sum paid into court, and the costs of appeal."

The motion is denied.

RUDKIN, C. J., CHADWICK, MOUNT, CROW, GOSE, and DUNBAR, JJ., concur.