[No. 9140.    Department One.    January 12, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Wallace A. Bussell et al., Appellant,* v. DAN R. ABRAHAM *et al., Respondents.*[1]

CONSTITUTIONAL LAW—DUE PROCESS—WATERWAY DISTRICT—STATUTES—VALIDITY. Rem. & Bal. Code, § 8166 *et seq.,* providing for the creation of commercial waterway districts, at the expense of the property benefited, is void in that it directs an assessment to be made on the lands benefited, but no person or board is authorized to make the assessment, and no provision is made for an assessment roll or equalization of the same, and the owners are given no notice or opportunity to be heard; and the provisions therein for a jury to assess the damages for land taken cannot be construed as authorizing the jury to assess the benefits.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 15, 1910, affirming an order made by a board of county commissioners establishing a commercial waterway district, after a hearing before the court. Reversed.

*Robert A. Devers,* for relators.

*Shorett, McLaren & Shorett, Geo. F. Vanderveer, M. H. Ingersoll,* and *Bausman & Kelleher,* for respondents.

FULLERTON, J.—The legislature of the state of Washington, at the specially convened session of 1909, passed an act intended to provide for the construction and maintenance of commercial waterways. Laws Special Session, 1909, page 8; Rem. & Bal. Code, § 8166 *et seq.* Acting in accordance with the provisions of the act, certain citizens of the county of King petitioned the board of county commissioners of that county to establish a commercial waterway district therein, comprised of territory specifically described in the petition. The board of county commissioners assumed jurisdiction of the petition, and thereafter, upon due procedure being had as

[1]Reported in 112 Pac. 671.

contemplated by the statute, entered an order purporting to create a commercial waterway district.

The relators own property included within the boundaries of the proposed district, and appeared before the board of county commissioners and opposed the creation of the district, alleging as grounds therefor, among others, that the act under which the proceedings were being had were in violation of both the state and Federal constitutions. Their objections were overruled, whereupon, after the establishment of the district, they sued out a writ of review from the superior court of King county, seeking to review the order of the board. The superior court, on a hearing had thereon, affirmed the order creating the district, and dismissed the writ. This appeal was taken therefrom.

While many objections are urged in this court against the statute and the proceedings had thereunder, we have found it necessary to consider only the constitutional question suggested, as we deem it fatal to the proceedings. The law plainly contemplates that the expense of contructing the commercial waterway for which the district is organized shall be provided for by an assessment upon the real property situated in the waterway district benefited by the improvement, yet no person, board, or other authority is authorized by the act to make the assessment. Nor does the act contain any direct provision for making an assessment roll, nor any provision for its equalization when made, at which the property holder may be heard as to the amount that may be charged against his property. Since no other means of raising the necessary cost of making the improvement is contemplated than by an assessment, we think that the assessment is so far an integral part of the act that the omission to make it effective renders the whole act void. *Skagit County v. Stiles*, 10 Wash. 388, 39 Pac. 116; *Snohomish County v. Hayward*, 11 Wash. 429, 39 Pac. 652; *Franklin Sav. Bank v. Moran*, 19 Wash. 200, 52 Pac. 858.

Counsel for the respondent, however, while conceding there is no direct provision in the act empowering any particular person or body to make an assessment of benefits, contend that the act, by necessary implication, confers that power upon the jury called to determine the just compensation to be paid owners whose property will be taken by the improvement.  To sustain the contention we are cited to certain sections of the act which we will briefly notice.  After provisions relating to the organization of the waterway district and the election of a board of waterway commissioners, it is provided in § 11 of the act, that whenever it is desired to prosecute the construction of a system of waterways within the district, the board of commissioners shall file a petition in the superior court of the county in which the district is located, setting forth therein the route over which the waterway is to be constructed, the .estimated cost thereof, the names of the owners and occupants of the lands within the proposed district, the maximum amount of benefits to be derived by each tract of land from the construction of the proposed improvement, a description of the land necessary to be taken for the purpose of the proposed improvement, the names of the owners and occupants thereof, and certain general statements to the effect that the improvement will be of public benefit, conducive to public health, increase the public revenue, and that the proposed system is necessary.  Section 13 (Rem. & Bal. Code, § 8178), provides that, upon filing the petition, a summons shall be issued, returnable as summons in other civil actions, and served either personally or by publication upon all parties interested.  Section 15 (Id. § 8180) provides that upon the return of the summons, or as soon thereafter as the business of the court will permit, the court shall proceed to hear the petition, and "shall impanel a jury to ascertain the just compensation to be paid for the property taken or damaged," by the proposed improvement.  Section 23 (Id. § 8188), provides that:

"Any final judgment or judgments rendered by said court upon any finding or findings of any jury or juries, or upon

any finding or findings of the court in case a jury be waived, shall be lawful and sufficient condemnation of the land or property to be taken, or of the right to damage the same in the manner proposed, upon the payment of the amount of such findings [and] all costs, which shall be taxed as in other civil cases."

Section 27 (Id. § 8192), reads as follows:

"Upon the entering of the judgment upon the verdict of the jury, the clerk of said court shall immediately prepare a transcript which shall contain a list of all of the names, persons and corporations benefited by said improvement, and the amount of benefit derived by each respectively, and shall duly certify the same, together with a list of the land benefited by said improvement belonging to each person or corporation, and shall file the same with the auditor of the county, who shall immediately enter the same on the rolls of the taxes, as provided by law, for the entry of the taxes against the land of each of the said persons named in said list, together with the improvements therefor, and the same shall be subject to the same interests and benefits, in case of delinquency, as in cases of general taxes, and shall be collected in the same manner as other taxes, and subject to the same right of redemption, and the land sold for the collection of said taxes shall be subject to the same right of redemption as in the sale of land for general taxes: Provided, That said assessments do not become due and payable, except at such time or times and in such amount as may be designated by the board of commissioners for said commercial waterway district, which designation shall be made to the county auditor by said board of commissioners of said commercial waterway by serving a written notice upon the county auditor, designating the time and amount of assessment, said assessment to be in proportion to the benefits to become due and payable, which amount shall fall due at the time of the filling out of general taxes, and the amount so designated shall be added by the auditor to the general taxes of said person or corporation, according to said notice upon the assessment rolls in his said office and collect therewith. Provided further, That no one call for assessments by said commissioners shall be in an amount to exceed 25 per cent of the actual amount necessary to pay the costs of the proceedings and the assessment of said district and

system of commercial waterways, and the costs of construc-
tion of said work."

Section 30 (Id. § 8195), provides for changes in the system
of improvements, manner of construction, and course of the
waterway, should the commissioners deem the same desirable,
and for the appropriation of such additional land as may be
necessary to make the required changes; and to ascertain the
amount of compensation and damages to be paid the owners
of the land taken by the change, it is provided that the court,

"Shall cause a jury to be impaneled as in the case of the
original proceedings for the establishment of said improve-
ment, and upon the final hearing of said cause the jury shall
return a verdict in the amount of damages, if any, sustained
by all persons and corporations, the same as upon original
petition, by reason of such proposed change; and the amount
of compensation to be paid to any persons or corporations
therefor, and for any additional right of way that may be
necessary to be appropriated by reason of such proposed
change, and shall readjust the amount of benefits claimed to
have been increased or diminished, if any, of said land owners
by reason of such proposed change in said improvement, and
the proceedings thereunder would be the same as to rendering
judgment, appeal therefrom."

It is on these sections of the act that counsel base their
contention that the jury is empowered to assess the benefits,
but we think they fall far short of sustaining it. The last
section cited, it is true, provides that the jury shall "readjust
the amount of benefits claimed to have been increased or dimin-
ished," by reason of any changes made in the assessment dis-
trict or waterway, and were the language of the original sec-
tion obscure, might raise an inference that the jury were to
make the original assessment. But the language defining the
powers of the jury in the first instance is not obscure. It
clearly limits the power of the jury on the first hearing to a
determination of the "just compensation to be paid for the
property taken or damaged," nothing more.

It has been suggested, however, that the legislature intended

that the original estimate of benefits set forth in the commis-
sioners' petition to establish the district should be taken as an
assessment of benefits, and that it is from this estimate the
clerk is required to prepare his transcript of the "names of
persons and corporations benefited by said improvement
. . . . . and the amount of benefit derived by each re-
spectively," but this theory would be fatal to the act if.
adopted. It is essential to the validity of any law authorizing
an assessment for benefits that the owner of the property as-
sessed be given notice of the proceedings and an opportunity
to defend against the assessment before his property is taken
to satisfy the assessment charge. It is not necessary that he
have notice of every step taken in the proceedings, but the
law to be valid must give him at least one opportunity to be
heard as to the amount and legality of the tax. *State ex rel.*
*American Sav. Union v. Whittlesey,* 17 Wash. 447, 50 Pac.
119; *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112; *Davidson*
*v. New Orleans,* 96 U. S. 97.

Construing the statute as one authorizing the commissioners
to make the assessment, it is invalid because it does not give
the owners of the property assessed an opportunity to be heard
as to the amount and legality of the assessment before their
land is sold in satisfaction thereof.

The judgment appealed from is reversed, and the cause
remanded with instructions to enter a judgment quashing the
proceedings had before the board of county commissioners,
and holding the same to be void and of no effect.

RUDKIN, MOUNT, PARKER, and GOSE, JJ., concur.