[No. 9140.  *En Banc.*  August 19, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Wallace A.*
*Bussell et al., Appellant,* v. DAN R. ABRAHAM *et al.,*
*· Respondents.*[1]

APPEAL—DECISION— REHEARING — QUESTIONS DETERMINED.  After
declaring a law unconstitutional, the supreme court, may, on' re-
hearing, consider the effect of a retroactive statute, enacted to
cure the defects prior to the entry of final judgment, to the same
extent as if it had been enforced on the first hearing.

WATERS AND WATER COURSES—WATERWAY DISTRICTS—ORGANIZA-
TION.  The fact that a commercial waterway district is in court·con-
tending for the validity of a judgment declaring in its favor, is
sufficient evidence that it is maintaining its existence and entitled
to· the benefits of curative acts passed since the institution of the
suit.

SAME—STATUTES—CURATIVE AND RETROACTIVE LAWS—CONSTITU-
TIONAL LAW—OBLIGATION OF CONTRACT.  The commercial waterway
district law (Rem. & Bal. Code, § 8166 *et seq.*) having been de-
clared unconstitutional because of its failure to provide lawful
means for levying the assessments authorized, it was competent
for the legislature by retroactive acts (Laws 1911, pp. 10-46), to
legalize and validate attempted organizations and all district in-
debtedness under the old law, except assessments, and to add pro-
visions curing defects in the old law by virtue of which lawful
assessments could thereafter be made; since it does not impair the
obligation of a contract.

STATUTES— CURATIVE ACTS — RETROACTIVE OPERATIONS — PENDING
CASES.  Curative statutes which do not impair the obligation of
contracts and are intended to be retroactive, are applicable to pend-
ing cases, and will be considered by the supreme court, on petition
for rehearing, although enacted after the filing of a decision.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 15, 1910, affirming an order
made by a board of county commissioners establishing a com-
mercial waterway district, after a hearing before the court.
Affirmed.

[1]Reported in 117 Pac. 501.

*Robert A. Devers*, for appellant.

*John F. Murphy, Shorrett, McLaren & Shorrett*, and *Bausman & Kelleher*, for respondents.

## ON REHEARING.

CROW, J.—On January 12, 1911, we filed an opinion in this action (61 Wash. 601, 112 Pac. 671), by which we ordered a reversal of the judgment of the superior court in and for King county. In stating the case we then said:

"The legislature of the state of Washington, at the specially convened session of 1909, passed an act intended to provide for the construction and maintenance of commercial waterways. Laws Special Session, 1909, page 8; Rem. & Bal. Code, § 8166 *et seq.* Acting in accordance with the provisions of the act, certain citizens of the county of King petitioned the board of county commissioners of that county to establish a commercial waterway district therein, comprised of territory specifically described in the petition. The board of county commissioners assumed jurisdiction of the petition, and thereafter, upon due procedure being had as contemplated by the statute, entered an order purporting to create a commercial waterway district. The relators own property included within the boundaries of the proposed district, and appeared before the board of county commissioners and opposed the creation of the district, alleging as grounds therefor, among others, that the act under which the proceedings were being had were in violation of both the state and Federal constitutions. Their objections were overruled, whereupon after the establishment of the district, they sued out a writ of review from the superior court of King county, seeking to review the order of the board. The superior court, on a hearing had hereon, affirmed the order creating the district, and dismissed the writ. This appeal was taken therefrom."

The question before us was the validity of the proceedings of the board of county commissioners, the organization of the commercial waterway district, and the constitutionality of the act of 1909, under which the district had been created. Many objections were presented and argued in the briefs, but on consideration of the entire act and the proceedings had there-

under we found but one reason for declaring the act invalid.
We further said:

"While many objections are urged in this court against the
statute and the proceedings had thereunder, we have found it
necessary to consider only the constitutional question here
suggested, as we deem it fatal to the proceedings. The law
plainly contemplates that the expense of constructing the
commercial waterway for which the district is organized shall
be provided for by an assessment upon the real property situ-
ated in the waterway district benefited by the improvement,
yet no person, board, or other authority is authorized by the
act to make the assessment. Nor does the act contain any
direct provision for making an assessment roll, nor any pro-
vision for its equalization when made, at which the property
holder may be heard as to the amount that may be charged
against his property. Since no other means of raising the
necessary cost of making the improvement is contemplated
than by an assessment, we think that the assessment is so far
an integral part of the act that the omission to make it effec-
tive renders the whole act void. *Skagit County v. Stiles,*
10 Wash. 388, 39 Pac. 116; *Snohomish County v. Hayward,*
11 Wash. 429, 39 Pac. 652; *Franklin Sav. Bank v. Moran,*
19 Wash. 200, 52 Pac. 858."

Before the thirty-day period had expired within which a
petition for rehearing might be filed and while the cause was
still pending in this court, the legislature passed two acts,
chapters 10 and 11, Laws 1911, affecting the subject-matter
here involved. Chapter 10, p. 10, Laws 1911, a curative and
validating act, contained an emergency clause, and was ap-
proved by the governor February 8, 1911. Section 1 reads
as follows:

"The organization, establishment and creation of all com-
mercial waterway districts in this state heretofore had, or
made, or attempted under the provisions of chapter 8 of the
Laws of the Extraordinary Session of 1909, approved August
17th, 1909, entitled . . . under which attempted organiza-
tion, establishment or creation, an organized district has been
maintained since the date of such attempted organization, es-
tablishment or creation is hereby for all purposes declared
legal and valid, and such commercial waterway districts are

hereby declared duly organized, established and created. And all debts, contracts and obligations heretofore made or incurred by or in favor of any such commercial waterway district so attempted to be organized, established and created, and all official bonds or other obligations executed in connection with or in pursuance of such attempted organization, are hereby declared legal and valid and of full force and effect: Provided, That nothing herein shall be construed to legalize or validate any attempted assessment or condemnation which may have been had or initiated by such district prior to the passage of this act."

Chapter 11, pages 11 to 46, inclusive, Laws 1911, having an emergency clause, was approved February 9, 1911, and is an extensive statute which reenacts the old law of 1909, with added provisions sufficient to cure the defects found by this court, and mentioned in our former opinion. Section 49 of this act also provides for the validation of existing commercial waterway districts organized or attempted to be organized under the act of 1909. These curative and validating statutes were in effect before the thirty-day period had expired within which a petition for rehearing could be filed. Such a petition was filed, calling our attention to them, and a rehearing was granted. Upon the reargument, additional briefs and argument have been presented.

Appellants, in substance, contend that no original question is before us for rehearing; that respondents in effect present only the new questions, whether the commercial waterway district has been validated, whether it is now a legal organization, and whether for that reason the judgment of the superior court should be affirmed. Although appellants raise some constitutional questions as to the validity of the acts of 1911, we find their objections to be without merit, and conclude that the controlling question before us is whether we can, on this rehearing, consider the acts of 1911, and whether they have validated the attempted organization of the commercial waterway district here involved.

Appellants contend the only purpose of a rehearing is to

correct a decision erroneous in regard to matters theretofore considered, and not to raise new issues under new pleadings. New pleadings are not presented on this rehearing. The identical proceedings and records considered on the original hearing are still before us without modification or change. Before final judgment has been entered in this court, the cause not having passed from our jurisdiction, we are called upon to consider the effect of new statutes, which the respondents contend are applicable and now require an affirmance of the judgment of the superior court. Counsel for appellants, citing *State ex rel. Burke v. Board of County Com'rs,* 61 Wash. 684, 112 Pac. 929, contend this court will not consider a statute passed subsequent to the date of the filing of the original opinion. In the case cited we refused to consider the act of Congress mentioned, for the reasons that final judgment had been entered by this court; that the cause had been remitted to the superior court; and that we had lost our appellate jurisdiction, which could not be restored on the same appeal by stipulation. This cause is still before us on the original appeal, for consideration on the rehearing granted upon a petition seasonably filed. Our appellate jurisdiction has at no time ceased or been disturbed. The original question, whether the judgment of the superior court shall be affirmed, is before us as fully and completely as though no opinion had heretofore been filed, and it is our duty to consider statutes now in force to the same effect and extent we would consider them were this the first hearing.

An examination of the 1911 acts will show them to be curative statutes, intended to be retroactive for the direct purpose of validating the organization, establishment, and creation of all commercial waterway districts in this state heretofore had, or made, or attempted, under the act of 1909, where such attempted organization has been since maintained. The acts, by reason of their remedial and retroactive features, are applicable to the commercial waterway district here involved. Appellants, however, contend that we cannot apply the acts

in this cause, as it has not been made to appear that the district here involved is still maintained. The record before us shows that its organization, attempted under the act of 1909, was approved by the judgment of the superior court, and that the district is now in this court contending for the validity of such judgment, thereby maintaining its own organization and existence. The evidence of this record we regard as sufficient to justify the conclusion that the district is being maintained to such an extent at least as will entitle it to now claim all benefits of the curative acts in this action and on this appeal.

The legislature has power to enact a curative or validating statute retroactive in its application, as long as it does not thereby impair the obligation of contract or otherwise violate any constitutional inhibition. There can be no question but that the legislature, if it saw fit, might have originally authorized the creation of a commercial waterway district, by the exact procedure that has been adopted in this particular instance.

"A retrospective statute curing defects in legal proceedings where they are in their nature irregularities only, and do not extend to matters of jurisdiction, is not void on constitutional grounds, unless expressly forbidden. Of this class are the statutes to cure irregularities in the assessment of property for taxation and the levy of taxes thereon; irregularities in the organization or elections of corporations; irregularities in the votes or other action by municipal corporations, or the like, where a statutory power has failed of due and regular execution through the carelessness of officers, or other cause; irregular proceedings in courts, etc. The rule applicable to cases of this description is substantially the following: If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make

the same immaterial by a subsequent law." Cooley, Const. Lim. (6th ed.), pp. 456-7.

The 1911 statutes are sufficiently potent to accomplish their evident purpose. They expressly cure and validate defective districts, begun or attempted to be organized under the act of 1909. Chapter 10, p. 10, Laws 1911, is manifestly modeled after the curative act (Laws 1893, p. 183) relating to cities and towns, which this court held to be constitutional and effective, in *Pullman v. Hungate*, 8 Wash. 519, 36 Pac. 483. See, also, *State ex rel. Hamen v. Ballard*, 16 Wash. 418, 47 Pac. 970; *Lewis County v. Gordon*, 20 Wash. 80, 54 Pac. 779; *Spring Water Co. v. Monroe*, 55 Wash. 195, 104 Pac. 202; *Stembel v. Bell*, 161 Ind. 323, 68 N. E. 589; *Muse v. Lexington*, 110 Tenn. 655, 76 S. W. 481; *McMickle v. Hardin*, 25 Tex. Civ. App. 222, 61 S. W. 322; *Cole v. Dorr*, 80 Kan. 251, 101 Pac. 1016, 22 L. R. A. (N. S.) 534.

Can these statutes then be considered on this appeal taken prior to their enactment? By reason of their emergency clauses, they became effective before the petition for rehearing was filed. Judge Cooley, in the 6th edition of his work on Constitutional Limitations, at page 468, further says:

"Nor is it important . . . that the legislative act which cures the irregularity, defect, or want of original authority, was passed after suit brought, in which such irregularity or defect became a matter of importance. The bringing of suit vests in a party no right to a particular decision; and his case must be determined on the law as it stands, not when the suit was brought, but when the judgment is rendered. . . And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered"

See, also, *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061.

The rule is well established that curative statutes, intended to be retroactive in their effect, and which do not impair the obligation of contract, are applicable not only to transactions to which they are intended to relate, but also to cases pending

in trial courts, or pending upon appeal in appellate courts. 36 Cyc. 1222; *Green v. Abraham*, 43 Ark. 420; *State, Bonney v. Collector of Bridgewater*, 31 N. J. L. 133; *Bleakney v. Farmers & Mechanics' Bank*, 17 Serg. & R. 64, 17 Am. Dec. 635; *Sidway v. Lawson*, 58 Ark. 117, 23 S. W. 648; *Pelt v. Payne* (Ark.), 30 S. W. 426; *State v. Norwood*, 12 Md. 195.

In *Pelt v. Payne, supra*, the court said:

"It is true that courts do not usually give statutes a retroactive effect, and it is the general rule that the soundness of a decree must be tested by the law in force at the time of its rendition, but this is not so in all cases, for 'when the language of the statute clearly indicates an intention that it shall have a retroactive effect it must be so applied.' *State v. Norwood*, 12 Md. 206. 'It is, in general, true,' said Chief Justice Marshall in the case of *U. S. v. The Peggy*, 'that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes, and positively changes the rule which governs, the law must be obeyed or its obligation denied. If the law is constitutional, . . . I know of no court which can contest its obligation.' *U. S. v. The Peggy*, 1 Cranch, 109. That case was decided in 1801, and the rule of law thus announced has been frequently followed."

The only defects in the statute of 1909, upon which our former opinion was based, have been cured by subsequent legislation, and the curative provision of the acts of 1911 being sufficient to validate the commercial waterway district here involved; we conclude that the judgment of the superior court should be now affirmed. It is so ordered. No costs will be awarded to either party on this appeal.

DUNBAR, C. J., MOUNT, MORRIS, ELLIS, FULLERTON, CHADWICK, and GOSE, JJ., concur.