[No. 10178.   Department Two.   May 13, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Puget Mill Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

NAVIGABLE WATERS—DISTRICTS—ACTIONS—EMINENT DOMAIN. Under Laws 1911, p. 11, § 1, giving a commercial waterway district the right to sue and be sued in the name of its board of commissioners, the commissioners may institute condemnation proceedings in their own name for the construction of a waterway.

CONSTITUTIONAL LAW—CLASS LEGISLATION — STATUTES — GENERAL APPLICATION. Laws 1911, p. 11, providing for the organization of commercial waterway districts, prescribing the duties and powers of the commissioners and the court procedure, being a general act applicable alike to all citizens upon the same terms, is not unconstitutional as a special or private law or granting special privileges to a class of citizens.

[1]Reported in 123 Pac. 791.

STATUTES—SCOPE—SUBJECT AND TITLES.  The act of 1911, p. 11, providing for the organization of commercial waterway districts, prescribing the powers and duties of the commissioners, and the court procedure is not unconstitutional as embracing more than one subject, the act being sufficiently broad to embrace all matters included, which are all germane to the general subject.

NAVIGABLE WATERS—DISTRICTS—ESTABLISHMENT—POWERS OF COMMISSIONERS—PROCEEDINGS — STATUTES — CONSTRUCTION.  The act of 1911, p. 11, providing for commercial waterway districts, requiring the petition for the establishment of a proposed district to contain a brief description of the proposed system of waterways, with the proper spurs or branches, if any, and the termini thereof, does not limit the power of the commissioners in establishing a district as to the exact work to be done; since the act authorizes the commissioners to improve any and all rivers  .  .  .  located within the district and to initiate definite improvements without limitation by the brief description in the petition.

NAVIGABLE WATERS—DISTRICTS— ESTABLISHMENT — PROCEEDINGS— SERVICE OF PROCESS—NECESSITY.  Under Laws of 1911, p. 11, § 14, providing for the establishment of a commercial waterway district when the court shall have satisfactory proof that all of the defendants have been served, failure to serve all of the defendants does not vitiate the proceedings as to defendants already duly served; in view of the provision that want of service shall render the proceedings void as to the parties not served, but that all persons served shall be bound, and §§ 21 and 23, providing for bringing in persons not served and for subsequent trials in such cases.

Certiorari to review a judgment of the superior court for King county, Main, J., entered January 31, 1912, adjudging a public use in condemnation proceedings for a commercial waterway.  Affirmed.

*Hughes, McMicken, Dovell & Ramsey, Edward Von Tobel, Robert A. Devers,* and *Richard Saxe Jones,* for relators.

*Shorett, McLaren & Shorett,* for respondents.

MOUNT, J.—This action is brought by writ of certiorari to review an order of the superior court of King county, adjudging the use of certain lands for the construction of the Duwamish waterway in King county a public use.  Several errors are assigned, but they are all argued under points as

follows: (1) That a corporation may maintain suit only in its proper name; (2) that the action relating to commercial waterway districts (Laws of 1911, page 11) under which the original proceedings were brought, is unconstitutional for several reasons; (3) that the waterway sought to be constructed is not the same as the one proposed by the petition under which the district was organized; and (4) that all the interested parties in the district were not legally served with process in the condemnation action. We shall notice these points in the order stated.

The petition in the condemnation action states the caption of the case as follows: "Fred W. Newell, D. Hamm, and Frank H. Paul, as commissioners of Commercial Waterway District No. 1, of King county, state of Washington, v. Philip Abey," and about thirteen thousand other defendants, naming them. The first paragraph of the petition avers, "that commercial waterway district No. 1, of King county, state of Washington, is a duly organized and existing commercial waterway district in King county, under and by virtue of the laws of the state of Washington relating to commercial waterway districts, and that your petitioners are duly elected, qualified and acting commissioners thereof." It is argued that the action was brought by the commissioners in their own names, that it should have been brought by the "commercial waterway district No. 1, of King county, state of Washington," which the statute designates as the name of the district. This would, no doubt, be correct if the statute so provided, but the statute provides, at section 1, Laws 1911, page 11, as follows:

"Any county or portion of a county requiring commercial waterways may be organized into a commercial waterway district, and when so organized such district, and the board of commissioners hereinafter provided for, shall have and possess the power herein conferred, . . . and said district shall be known and designated as commercial waterway district No. ... of the county of ....., the state of Washington, and shall have the right to sue and be sued by and in

the name of its board of commissioners hereinafter provided for, . . ."

This statute expressly gives the district the right to sue "in the name of its board of commissioners," which was done. Hence, if the general rule is that a corporation must sue in its proper name where the statute provides that suits may be brought in the name of its board of commissioners, suits may be so brought.

It is next contended that the act of February 9, 1911, under which the proceedings were originally brought, is unconstitutional because it is a special and private law and grants special privileges to a class of citizens, and because the act embraces more than one subject. We do not regard the act as subject to any of these objections. The act is a general act applicable alike to all citizens upon the same terms. It is true that one part of the act provides for the organization of the district, another part provides for the powers and duties of the commissioners, and another provides for the procedure of the court. These things, however are all germane and necessary to the one subject, namely, the establishment of commercial waterway districts. Because the act is broad enough and contains provisions enough to cover all the powers and obligations of the district and defines its duties, the act does not necessarily contain more than one subject. These constitutional questions were in substance presented and considered in *State ex rel. Bussell v. Abraham*, 64 Wash. 621, 117 Pac. 501, and we there found the constitutional objections without merit.

It is next argued that the waterway sought to be constructed is not the same as the one upon which the district was formed, and for that reason the board of commissioners is not authorized to proceed. It appears that, at the time the petition was circulated for the establishment of the district, a plat accompanied the petition, which plat showed a canal to be constructed which ran comparatively straight along the course of the Duwamish river near its mouth, and

that plat also showed that three large bends in the river, which were cut out by the canal, were also to be improved as lateral waterways.   It is not proposed in this proceeding to improve these bends or lateral waterways.   Relators contend that the commissioners are bound to construct the waterway as shown upon the petition for the organization of the district, because the statute provides that the petition "shall contain a brief description of the proposed system of waterways, route over which the same is to be constructed, together with the proper spurs or branches, if any there be, and the termini thereof."   It is apparent from the whole act that the "brief description" contained in the petition is not binding upon the commissioners.   This was merely to give the signers of the petition, and the county commissioners to whom the petition was addressed, a general idea of the character and extent of the improvement to be made, in order to fix the boundaries of the district.   It was not intended by such plat to fix the exact work to be done, because the act provides at section 7, after the organization of the district and the election of the district commissioners: "Said board of commissioners herein provided shall have the right, power and authority to straighten, widen, deepen and improve any and all rivers . . . located within the boundaries of said district."   If the power of the board was limited by the brief description contained in the petition, some reference thereto would have been made in defining the powers of the board. Section 11 and succeeding sections provide for the initiation of any definite improvement by the board of commissioners without limitation by the brief description contained in the original petition for the creation of the district.   We are satisfied from the provisions of the whole act that the power of the commissioners is in no wise limited by the description contained in the petition.   It is said that this construction of the act puts the power within the board of commissioners to work a legal fraud upon the petitioners.   But it is plain that the act did not intend to confine the powers of the board to

the exact plan proposed in the petition, and the act is apparently what was wanted, and we must construe the act as the legislature evidently intended it.

It is next urged that the court erred because it was not found that all the defendants named in the act had been duly served with summons. The statute, at section 14, provides that,

"If the court or judge thereof shall have satisfactory proof that all of the defendants in said action have been duly served with said summons, as above provided, and shall be fully satisfied by competent proof that said improvement is practicable and conducive to the public health, sanitation, welfare and convenience, and will increase the value of said lands for the purpose of public revenue, and that the contemplated use . . . is really a public use," etc.,

then a jury shall be empaneled to fix the compensation and assess the damages and benefits. There were about thirteen thousand defendants named in the act. Conceding that some of these were irregularly served and did not appear, we are satisfied that the action should not be dismissed as to those who were regularly served or did appear, for the preceding section provides:

"Want of service of such notice shall render the subsequent proceedings void as to the persons not served; but all persons or parties having been served with summons as herein provided, either by publication or otherwise, shall be bound by the subsequent proceedings."

Sections 21 and 23 provide for bringing in occupants and owners of land who have not been served with process, and for subsequent trials in such cases. It is, therefore, apparent that there is no merit in this assignment.

We find no error, and the judgment is therefore affirmed.

CROW, FULLERTON, ELLIS, and GOSE, JJ., concur.