[No. 11619. Department One. June 30, 1914.]

C. F. MERRIFIELD, *Appellant*. v. COMMERCIAL WATERWAY DISTRICT No. 1, OF KING COUNTY *et al., Respondents.*[1]

CANALS — WATERWAY DISTRICTS — ESTABLISHMENT—CONTRACTS — POWER OF COMMISSIONERS. Under 3 Rem. & Bal. Code, §§ 8166a and 8177a, authorizing the commissioners of a waterway district to employ engineers to assist them in compiling data required to be presented to the court in the petition for the formation of the district, and such legal and other assistance as may be necessary, the commissioners have no power to enter into a contract to employ an engineer as an expert adviser for the purpose of preparing the assessment roll, at $300 per month, the employment to continue until the roll had been finally settled by the supreme court; since after the work was completed and before termination of the employment, a considerable period of time must elapse during which no service could be rendered.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 11, 1913, dismissing an action on contract, upon sustaining a demurrer to the complaint. Affirmed.

*Carkeek, McDonald & Kapp*, for appellant.

*Shorett, McLaren & Shorett*, for respondents.

MAIN, J.—The purpose of this action was to recover damages claimed to be due on account of the breach of a contract. The complaint, aside from the formal allegations, is, in substance, as follows:

On or about the 12th day of April, 1911, the commission-

[1]Reported in 141 Pac. 685.

ers of commercial waterway district No. 1, entered into a contract in writing whereby the plaintiff was employed to act as an expert adviser for the purpose of preparing the assessment roll for what is known as the Duwamish river improvement, in commercial waterway district No. 1. The compensation which the plaintiff was to receive for his services in the preparation of such roll and the preparing of the data therefor, was $300 per month. The employment began on April 17, 1911, and was to continue until the roll had been finally settled by the superior court of the state of Washington for King county. In accordance with the terms of the written contract, the plaintiff commenced work for the waterway district on or about the 17th day of April, 1911, and continued in such employment until on or about the 2d day of August, 1911, when, without any reason, the plaintiff was discharged from such employment. The roll, as prepared by the plaintiff, with slight changes and variations, was submitted to the superior court of the state of Washington for King county in the months of October, November, and December, 1912. Judgment on the same was entered on or about the 12th day of December, 1912.

To this complaint, a demurrer was interposed and sustained by the trial court. The plaintiff refused to plead further and elected to stand upon his complaint. Thereupon judgment was entered dismissing the action. The present appeal followed.

The answer to one question is decisive of this case. That question is, whether the waterway district commissioners have the power to contract with a person for the performance of a particular work and extend the term of employment beyond the time when that work must necessarily be accomplished. The complaint alleged that the appellant was to act as an expert adviser in the preparation of an assessment roll for the waterway district, and that the roll as prepared by the appellant, with some slight changes and variations, was settled by the superior court on the 12th day of December, 1912.

The commercial waterway district statute, Laws of 1911, ch. 11, p. 12, § 2 (3 Rem. & Bal. Code, § 8167a) provides: That whenever it is desired to prosecute the construction of a system of waterways within a district, the commissioners thereof shall file a petition in the superior court setting forth, among other things, the names of the owners whose lands are to be benefited by the proposed improvement and the description of such land and the maximum amount of benefits to be derived by each lot or tract of land within the district. Reading the allegations of the complaint in connection with the provisions of the commercial waterway district law referred to, it is evident that the assessment roll referred to in the complaint was the preparation of a roll embodying the particular lots or tracts of land within the district that would be benefited and fixing the maximum amount thereof. This data, as already noticed, was required by the law to be embodied in the petition filed in the superior court when the proceeding was instituted. The complaint does not show at what time the petition in the case was filed. The records of this court show that, after the petition had been filed and prior to the time when the case was tried to a jury for the purpose of ascertaining the value of the property taken, the damages to the remainder, and the maximum benefits, the cause was brought to this court by writ of certiorari. *State ex rel. Puget Mill Co. v. Superior Court*, 68 Wash. 425, 123 Pac. 791. It therefore appears that, after the work for which the appellant was employed was accomplished, a considerable period of time elapsed before judgment was entered upon the verdict of the jury fixing the maximum benefits. During at least a material portion of this time, there was no service which the appellant could render the district, either in the preparation of or as an adviser in connection with the so-called assessment roll.

The power of the waterway district commissioners relative to the making of contracts is set forth in §§ 1 and 12 (Id., §§ 8166a, 8177a) of the waterway district law above referred

to.   By § 12 (Id., § 8177a) it is provided that, in the preparation of the facts and data to be inserted in the petition and filed therewith for the purpose of presenting the matter to the superior court, the district may employ one or more good and competent engineers, surveyors, and draftsmen to assist them in compiling data required to be presented to the court with the petition and "such legal and other assistance as may be necessary, with full power to bind said district for the compensation of such assistance or employees employed by them." The words just quoted do not, nor does any other provision of the statute to which our attention has been called, authorize or empower the waterway district commissioners to extend the term of employment beyond the time when the work sought to be accomplished shall have been completed.   Whether the legislature could authorize such an employment is not now before us.   Neither is the question of the right of the district to enter into a contract to extend for a period of time reasonably necessary for the accomplishment of a particular work or purpose.

The appellant, as sustaining the validity of the contract, cites the case of *Cramer v. Water Commissioners of New Brunswick*, 57 N. J. L. 478, 31 Atl. 384.   In that case the plaintiff was employed for a period of five years as superintendent of the water works.   Before the term expired, he was discharged and another superintendent employed to fill the position.   In a suit brought for the purpose of recovering damages, the validity of the contract was sustained.   That case is distinguishable from the present one, however, in this: There, the subject-matter of the employment continued beyond the time when the plaintiff was discharged; while here, the work sought to be accomplished under the contract of employment must necessarily be substantially completed a considerable period of time before the time fixed in the contract for its termination.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.