[No. 2877. Decided May 23, 1898.]

ADAMS COUNTY, *Respondent*, v. FERD DOBSCHLAG *et al.*, *Appellants*.

EMINENT DOMAIN — COSTS IN CONDEMNATION PROCEEDINGS — CONSTITU-
TIONAL LAW.

Section 17, Laws 1895, p. 88 (Bal. Code, § 3787), providing that when condemnation proceedings are instituted against any person to whom tender has been made, and such person shall fail to recover judgment for a greater sum than the amount tendered,

all costs of such condemnation proceedings shall be taxed against him, is void, since it is in conflict with art. 1, § 16, of the consti-tution, which provides that private property shall not be taken or damaged for public or private use without just compensation hav-ing been first made, or paid into court for the owner; for the rea-son that under such constitutional guaranty costs cannot be taxed against a non-consenting owner in condemnation proceedings.

Appeal from Superior Court, Adams County.—Hon. C. H. NEAL, Judge. Reversed.

*D. H. Hartson*, for appellants.

*O. R. Holcomb*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This appeal arises out of certain proceed-ings in the lower court on a petition by the county attor-ney of Adams county to said court to condemn certain lands, the property of, and belonging to, appellants, sit-uated in said county, for a public road. The petition was made and the proceedings had under the road law of 1895 (Laws 1895, p. 82; Bal. Code, § 3771 *et seq.*), providing for viewing, laying out, surveying, and establishing county roads. The county commissioners of Adams county ten-dered the amount found by them to be due the appellants as damages, which amount was refused by the appellants, who appeared in the proceedings, of which they had notice, filed their objections thereto, and demurred to the petition on the ground that the same did not state facts sufficient to constitute a cause of action, and that the act pleaded therein (said road act of 1895) was unconstitutional. The demurrer was overruled, the jury was waived, and the court assessed the damages. Testimony was introduced by both parties, and the court gave judgment to appellants in the sums of $35 and $70, respectively, as damages, the value of the said land appropriated, and entered judg-

ment against appellants condemning said land for said county, and assessing the costs of said proceedings against appellants.

It is contended by the appellants that the court erred in its findings of fact, and that the proof does not sustain the fact found that the road established was of public use. We have read the testimony adduced at the trial, and, without especially commenting upon it, are satisfied that it sustains the facts found by the court. We are also satisfied with the validity of the law in question, and do not think any of its provisions are obnoxious to the constitution, or to anything that has been said by this court in any of the cases cited by appellants, with the exception of § 17 of said law, which provides that:

" When condemnation proceedings are instituted as hereinbefore provided against any person to whom tender has been made, and such person shall fail in such proceedings to recover judgment for a greater sum than the amount so tendered him, all costs of such condemnation proceedings shall be taxed against such non-consenting owner." Sess. Laws 1895, p. 88 (Bal. Code, § 3787.)

This provision, it seems to us, is in conflict with § 16 of article 1 of the constitution, which provides that

" No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner."

It was held by this court in *Peterson v. Smith*, 6 Wash. 164 (32 Pac. 1050) that under the constitutional guaranty the owner of the land could not be compelled to present a claim for damages; that he could remain quiet, and be assured that, before his property was condemned, the county must ascertain his damage, and either pay it to him, or pay it into court for his benefit; and the amount of his damages must be ascertained in a court, in a pro-

ceeding instituted for that purpose, and in which the defendant could appear and make his showing, if he so desired. In this case the finding of the commissioners that the damages to the appellants were a certain sum does not meet the requi.ements of the constitution, as construed in the case above cited. The proceeding instituted for the purpose of determining this damage was the proceeding in the superior court, and not the proceeding before the county commissioners, and the landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party. We appreciate the argument advanced by the respondent that the owner whose land is sought to be subjected to the use of the public will be encouraged under such a construction of the constitution always to litigate the question of damages, and to refuse the amount tendered, for the reason that he will be held harmless so far as costs are concerned; but we think the plain provisions of the constitution prohibit us from entering into a consideration of public policy in this connection. The judgment will therefore be reversed, and the cause remanded, with instructions to the lower court to modify the judgment to the extent of taxing the costs to the county. The appellants will recover the costs of this appeal.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.