[No. 15086. Department Two. April 22, 1919.]

DUNCAN TOWNSHIP, *Appellant*, v. BENJAMIN F. STAYR *et al., Respondents.*[1]

HIGHWAYS (20) — ESTABLISHMENT — APPEAL — QUESTION OF DAMAGES. An appeal lies only to review the question of damages, under Rem. Code, § 5663, providing that the board of county commissioners, on legalizing a resurvey of a county road, "may increase, diminish, or refuse to allow any damages, to which order the parties may appeal within three months."

APPEAL (18)—DECISIONS REVIEWABLE—TRIBUNALS SUBJECT TO REVIEW—HIGHWAYS—ESTABLISHMENT. Rem. Code, § 3909, relating to appeals from decisions of county commissioners to the superior courts, does not give the right of appeal from an order of township supervisors legalizing a county road, notwithstanding township supervisors are given concurrent jurisdiction with county commissioners over the subject, no appeal being given by the township act, Id., §§ 9322-9438.

EMINENT DOMAIN (52)—COMPENSATION—PAYMENT BEFORE TAKING—CONSTITUTIONAL LAW. The provisions of the territorial statute, Rem. Code, §§ 5659-5664, with reference to the determination of damages to owners of land through legalization of county roads according to resurveys thereof was superseded by Const., art. 1, § 16, forbidding the taking of private property unless the compensation be first made or paid into court, which requires that the damages be determined in a judicial proceeding in a court of record wherein the property owners are brought in by appropriate original process.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 9, 1918, upon findings in favor of the plaintiff, reversing on appeal an order of township supervisors legalizing a resurvey of a county road. Reversed.

*John B. White* and *Fred J. Cunningham,* for appellant.

*Roche & Onstine,* for respondents.

PARKER, J.—This is an appeal by Duncan township, of Spokane county, from a judgment of the superior

[1]Reported in 180 Pac. 476.

court for that county, reversing and setting aside an order of the supervisors of that township legalizing the establishment of a public road therein, known as Elder Road No. 247, according to a resurvey thereof made by the engineer of Spokane county. Benjamin F. Stayr and wife, conceiving themselves aggrieved by the order of the township supervisors, gave notice of appeal therefrom to the superior court in the manner provided for appeals from decisions of county commissioners to the superior court.

Counsel for both sides proceed upon the assumption that township supervisors and township clerks have, by virtue of Rem. Code, § 9368, relating to their powers, the same power as county commissioners and county auditors have relating to the legalizing of county roads, in so far as roads wholly within townships are concerned; and it is conceded that this road is wholly within Duncan township. The township supervisors proceeded under Rem. Code, §§ 5659-5664, relating to the legalizing of county roads by county commissioners. Those sections, omitting § 5661, read as follows:

"§ 5659. Where by reason of the loss or destruction of the field-notes of the original survey, or in case of defective survey or record, or in case of such numerous alterations of any county road since the original location and survey that its location cannot be accurately defined by the papers on file in the proper county auditor's office, or where, through some omission or defect, doubts may exist as to the legal establishment or evidence of establishment of any county road or highway, the board of county commissioners of the proper county may, if they deem it necessary, order such highway, or any part of a county road used and traveled by the public, to be resurveyed, platted, and recorded as hereinafter provided."

"§ 5660. A copy of the field-notes, together with a plat of any highway or county road surveyed under

the provisions of the preceding section, shall be filed in the office of the county auditor, and thereupon he shall designate a day at a regular term of the board of county commissioners, not less than twenty days from the publication of said notice, upon which said board will, unless good cause be shown against so doing, approve of such survey and plat, and order them to be recorded as in cases of the original establishment of a county road.''

''§ 5662. If no objections or claims for damages are filed on or before the first day of the term fixed for hearing the same, the board of county commissioners shall proceed to declare that such road included in said survey is a lawful county road. If objections are made to the establishment of the highway, or claims for damages are filed, three disinterested freeholders shall be appointed to appraise the damages, the report of whom shall be made to the next term of the county commissioners' court.''

''§ 5663. No claim for damages will be allowed to any person who did, upon the original location of said road, receive damages, or who, or whose grantor, applied for or assented to such road passing over said land, or who, when making settlement upon the tract by him occupied, found the said road in public use and traveled. The appraisers will report any and all acts of the owners of said land or their grantors which show compensation, dedication, or assent to such land being used as a public highway. The board may increase, diminish, or refuse to allow any damages; to which order the parties may appeal, within three months.''

''§ 5664. In case objection shall be made in writing by any person claiming to be injured by the survey made, the board of county commissioners shall have full power to hear and determine upon the matter, and may, if deemed advisable, order a change to be made in the survey. Upon the final determination of the board, or in case no objection be made at the term named in the notice of the survey, they shall approve of the same, and cause the field-notes and plat of the county road to be recorded, as in case of the estab-

lishment and alteration of highways, and thereafter such records shall be received by courts as conclusive proof of the establishment and lawful existence of such county road and public highway, according to such survey and plat.''

Section 5661 provides for the giving of notice of the hearing by the county auditor. In June, 1917, the county engineer filed with the township supervisors his petition alleging: That Elder Road No. 247 is a public highway of Duncan township, Spokane county, Washington, laid out in the year 1883, according to the records on file in the said county engineer's office; that, on the 23d day of August, 1905, the county engineer of Spokane county made a resurvey of said road, and there is now on file a plat of the road as traveled at that time; that said road has been traveled for a period of over ten years last past; that there have been numerous slight alterations in the course of said highway; that there is a dispute as to the limits of its present course; that the petitioner has a record of a resurvey of the road and plat of the same, and has in his possession among the records of the county engineer's office, field notes showing the course as traveled during the last ten years or more; that said public highway should be legalized.

In pursuance of an order made by the township supervisors, the township clerk gave notice of the hearing of the matter, as provided in Rem. Code, § 5661, relating to the giving of notice of such hearings by county auditors. At the time set for the hearing, Stayr and wife filed with the township supervisors their objections to the legalizing of the road as resurveyed, admitting that Elder Road No. 247 was a public road which had been laid out by the county commissioners in 1883; but alleging, in substance, that to adopt the location of the road according to the resur-

vey would be to change its original location and the
course of public travel thereon, which had been con-
tinuous for thirty years past, to a new location, and
that such a change and the opening of the road for
public travel along such new location, would result in
damage to them as adjoining landowners in the sum
of $250, which sum they demanded that the township
pay to them in the event the road was so changed.

The matter being heard by the township super-
visors, they entered an order overruling the objections
of Stayr and wife, declared the road to be legalized
as resurveyed, and refused to award them any dam-
ages. Thereupon Stayr and wife gave notice of ap-
peal from the decision of the township supervisors to
the superior court for Spokane county, in the manner
provided by Rem. Code, § 3909, relating to appeals to
superior courts from decisions of boards of county
commissioners. At the hearing of the matter in the
superior court, counsel for the township objected to
the court entertaining the question of the legalization
of the road according to the resurvey, stating: "It is
our contention, for the purposes of this action, they
are not entitled to appeal from the legalization, they
are only entitled to appeal on the question of dam-
ages;" evidently resting their objection upon the con-
cluding sentence of § 5663, above quoted. The trial
court overruled this objection, heard the matter as
upon appeal from a decision of a board of county com-
missioners, found that the resurvey of the road "is
not a correct and legal resurvey of Elder road," and
reversed and set aside the order of the township su-
pervisors legalizing the road as resurveyed. This is
the judgment from which this appeal is prosecuted by
the township.

It is contended in behalf of appellant township that
the superior court had no jurisdiction in this proceed-

ing over the question of the legalizing of the road according to the resurvey, because there is no statute authorizing an appeal to that court from a decision of the township supervisors upon that question. Nowhere in our township government statute, Rem. Code, §§ 9322-9438, do we find any provision authorizing an appeal from decisions of township supervisors to the superior courts. It is therefore plain that there is no such appeal authorized, unless it be clearly provided for in some other statute. Counsel for both sides, as already noticed, have assumed that, by virtue of the provisions of Rem. Code, § 9368, relating to the powers of township supervisors, such supervisors have the same powers as county commissioners under the legalizing county roads statute. The question of the correctness of this assumption we do not decide. However, it being so assumed, counsel for Stayr and wife seem to rest their right of appeal from the order of the township supervisors to the superior court, first, upon the concluding sentence of § 5663, above quoted. We ignore, for the present, the question of appeal from the township supervisors' order on the question of damage. We think the language of § 5663 relied upon, to wit: "The board may increase, diminish, or refuse to allow any damages; to which order the parties may appeal, within three months," plainly means that the appeal so authorized could in no event bring into the superior court any other question than that of the amount of damages which some property owner might suffer by reason of the legalization of a road in pursuance of a resurvey.

It is further contended in behalf of the township, that because, as is assumed, the powers of township supervisors are the same as county commissioners, under the legalizing road statutes above quoted, the

decisions of township supervisors under those statutes are reviewable in superior courts by direct appeal therefrom to those courts, as decisions of county commissioners are reviewable in superior courts, by direct appeal under Rem. Code, § 3909, relating to appeals from the decisions of county commissioners to the superior courts. The fact that township supervisors and county commissioners may possess the same power under the legalizing county road statutes, above quoted, falls far short of demonstrating that the decisions of township supervisors are reviewable in the superior courts upon appeal therefrom to those courts, simply because the decisions of county commissioners may be so reviewed. Statutes which go no further than to give to two different boards concurrent original jurisdiction over a particular subject-matter, we think, do not touch the question of the manner of reviewing the decisions of the respective tribunals in some higher tribunal. We are quite convinced that the statute authorizing appeals from decisions of county commissioners to superior courts has no application whatever to the reviewing of decisions by township supervisors in superior courts. We have no other statutes than those above noticed having any bearing upon the question of appeal from the decisions of township supervisors to superior courts. We are of the opinion that we have no statute authorizing an appeal from the order of the township supervisors in so far as the question of the legalizing of the road according to the resurvey is concerned, and that, therefore, the attempted appeal by Stayr and wife failed to confer upon the superior court any jurisdiction to determine the question of whether or not the order of the township supervisors legalizing Elder Road

No. 247 according to the resurvey, should be reversed and set aside.

So far as the question of appeal to the superior court from the order of the township supervisors upon the question of damages resulting to Stayr and wife from the legalizing of the road according to the resurvey is concerned, we note that the whole of the legalizing road statute above noticed, under which the township supervisors proceeded, was passed by the territorial legislature long before the adoption of our constitution upon the admission of the state into the Union. It has become the settled law of this state, since the adoption of our constitution, that a statute which purports to provide for the determination of the question of damages resulting from the exercise of the power of eminent domain, other than by a judicial proceeding in a court of record, wherein the owners of property are brought into court by an appropriate original process, is unconstitutional. Const., art. 1, § 16; *Peterson v. Smith*, 6 Wash. 163, 32 Pac. 1050; *Askam v. King County*, 9 Wash. 1, 36 Pac. 1097; *Snohomish County v. Hayward*, 11 Wash. 429, 39 Pac. 652; *Seanor v. Board of County Com'rs*, 13 Wash. 48, 42 Pac. 552; *Adams County v. Dobschlag*, 19 Wash. 356, 53 Pac. 339.

It follows that those provisions of the legalizing county road statutes above quoted which relate to the manner of determining the question of damages to owners of land resulting from the legalization of county roads according to resurveys thereof, are superseded and rendered of no effect by § 16, art. 1 of our constitution; since manifestly such damages as are there referred to would necessarily result from the exercise of the power of eminent domain. That question was, therefore, not properly before the superior

court at any stage of these proceedings, and the court did not assume to determine the question of damage resulting to Stayr and wife.

We conclude that the judgment of the superior court reversing the order of the township supervisors must be reversed. It is so ordered.

We are not here concerned with the question of the situation in which the parties will be left by this disposition of the cause. It may be observed, however, that if the decision of the township supervisors legalizing the road in accordance with the resurvey, is void or erroneous for any reason, entitling Stayr and wife to have the same set aside, the courts are open to them in a proper action instituted for that purpose; or if that order be a valid legalization of the road as resurveyed and has resulted or will result in the taking of any of their land for public use, the courts are also open to them to enforce their rights guaranteed by § 16, art. 1, of our constitution.

CHADWICK, C. J., HOLCOMB, MOUNT, and FULLERTON, JJ., concur.