Hillsborough,
No. 4934.

ROBERT R. RIX *v.* VARSANIG ASADOORIAN.

Submitted June 6, 1961.

Decided June 21, 1961.

*Norman A. Plante* for the plaintiff, furnished no brief.

*James M. Winston* for the defendant.

KENISON, C. J. The "courts differ as to whether . . . an amendment becomes effective on the day of the election, at the time when the vote is canvassed, or at the time when the result of the popular vote is made public . . . Unless a constitution specifically provides otherwise, the better rule would seem to be that an amendment does not become effective in any case until the vote has been canvassed and the result announced." Dodd, The Revision and Amendment of State Constitutions, *pp.* 203-204 (1910); *State ex rel Washington* v. *Coe,* 49 Wash. 2d 849; Jameson, Constitutional Conventions (4th *ed.*) 545. In considering the case law regarding effective date of constitutional amendments the wording of a particular state constitution is of the greatest importance. Edwards, Index Digest of State Constitutions (Columbia, Legislative Drafting Research Fund, 1959) *p.* 22. Our Constitution gives the Legislature the authority to determine the effective date of amendments to the State Constitution. N. H. Const., Pt. II, *Art.* 98, reads as follows: "[Constitution, When to Take Effect.] To the end that there may be no failure of justice, or danger to the state, by the alterations and amendments made in the constitution, the general court is hereby fully authorized and directed to fix the time when the alterations and amendments shall take effect, and make the necessary arrangements accordingly." Although the Legislature has the authority to determine the effective date of constitutional amendments, this authority may be delegated to the Constitutional Convention. *Opinion of the Justices,* 76 N. H. 612; Hoar, Constitutional Conventions, 197 (1917).

For more than a century it has been the general practice of the New Hampshire Legislature to delegate to the Constitutional Convention the determination of " . . . the time when such amendments as shall be approved shall take effect . . . . " Laws

1850, c. 959, s. 8. This power delegated to the Convention has in fact been exercised by the Convention and they have provided by resolution that the adopted amendments will take effect when proclaimed by the Governor. See N. H. Compiled Statutes (1854) p. 42. Subsequent acts of the Legislature have used identical or substantially identical language as that used in the 1850 law. Laws 1876, c. 30, s. 8; Laws 1887, c. 107, s. 8; Laws 1901, c. 85, s. 7; Laws 1911, c. 187, s. 7; see also, Colby, Manual of Constitution of New Hampshire, p. 289 (1912); Laws 1917, c. 121, s. 7.

More recent Legislatures have granted the Constitutional Convention the authority to determine the effective date of amendments in more general terms. Laws 1929, c. 190, s. 7; Laws 1937, c. 187, s. 7; Laws 1947, c. 77, s. 7. In each case the Constitutional Convention has passed a resolution providing that the proposed amendments which have been approved by the requisite number of votes "shall take effect and be in force when their adoption is proclaimed by the Governor." Journal of Constitutional Convention (1930) p. 179; Journal of Constitutional Convention (1938) p. 320; Journal of Constitutional Convention (1948) p. 285.

Laws 1955, chapter 42, which originally authorized the Constitutional Convention of 1959, follows the same pattern of delegating authority to the Constitutional Convention to determine the method of ascertaining the vote and the effective date of the adopted amendment. See *Opinion of the Justices*, 102 N. H. 565; *Concrete Company* v. *Rheaume Builders*, 101 N. H. 59. Both in the 1956 Convention and the 1959 Convention, the following resolution was adopted: "IX. *Resolved*, That such of the proposed amendments as shall have been approved by the requisite number of votes shall take effect and be in force when their adoption is proclaimed by the Governor." Journal of Constitutional Convention (1956) p. 224. See also, RSA 68-A:7 (supp) as inserted by Laws 1961, c. 176.

The foregoing historical summary of the 1959 Constitutional Convention and its predecessors clearly indicates that the amendment to New Hampshire Constitution, Part I, Article 20th, relating to jury trial in civil causes, became effective not on November 8, 1960, when approved by the voters, but on November 30, 1960 when proclaimed by the Governor. *Opinion of the Justices*, 103 N. H. 333, (decided this day). See New Hampshire Manual for the General Court (No. 37, 1961) p. 622 (popularly known as the Red Book).

There is no indication that the amendment to New Hampshire Constitution, Part I, Article 20th was intended to be retroactive in its application. N. H. Const., Pt. I, *Art.* 23d. See *Opinion of the Justices,* 101 N. H. 515. At the time the defendant requested trial by jury, as well as when the plaintiff moved to have this case tried by the court on November 28, 1960, the amendment had not taken effect and the defendant was entitled to trial by jury as it formerly existed in cases where the value in controversy exceeds one hundred dollars. Consequently it follows that the answer to the issue transferred is no, and the defendant is entitled to a jury trial in this action.

*Remanded.*

All concurred.